# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:18-cv-00124-MR

| | |
|---|---|
| TRAVIS J. KNIGHT,<br><br>        Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner<br>of Social Security,<br><br>        Defendant.<br>_____ | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 15].

## I.  PROCEDURAL HISTORY

The Plaintiff, Travis J. Knight ("Plaintiff"), received as a child supplemental security income under Title XVI disability of the Social Security Act (the "Act"), beginning on October 20, 2008. [Transcript ("T.") at 11, 95]. Upon the Plaintiff reaching eighteen (18) years of age, the Commissioner redetermined that while the Plaintiff met the requirements for disability as a child, he did not meet the requirements for disability as an adult, effective April 3, 2013. [T. at 96, 99-106, 134-135]. Upon Plaintiff's request, a hearing

was held on July 23, 2014 before a Disability Hearing Officer. [T. at 108-122]. On July 28, 2014, the Disability Hearing Officer issued a written decision affirming the redetermination that Plaintiff did not meet the requirements for disability as an adult. [T. 123-133]. Upon Plaintiff's request, a hearing was held on August 14, 2017 before an Administrative Law Judge ("ALJ"). [T. at 34-70]. On September 5, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff's disability ended within the meaning of the Act effective April 3, 2013. [T. at 11-27]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-5].

The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards

and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful

3

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). However, step one is not applicable to a redetermination of disability based upon the claimant reaching the age of eighteen (18). 20 C.F.R. § 416.987(b). If step one is not applicable, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's

ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Pass 65 F.3d at 1203.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

The ALJ determined that step one of the sequential evaluation did not apply because the Plaintiff : (1) had attained the age of eighteen (18) on May 9, 2012, (2) had received supplemental security income benefits based on disability as a child, but (3) based on a redetermination of disability under the rules for adults, was no longer disabled as of April 3, 2013. [T. at 13]. At step two, the ALJ found that the Plaintiff has severe impairments, including neurofibromatosis status post right lower extremity below the knee amputation and mental impairments variously diagnosed as borderline intellectual functioning, depression, rule out attention deficit hyperactivity disorder (ADHD), and rule out reading and math disorders. [Id.]. At step

three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 14]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform sedentary work as defined in 20 CFR 416.967(a), which includes sitting for total of six hours during eight-hour day, and standing or walking for total of two hours during an eight-hour day. He can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. He can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. He can occasionally balance, stoop, kneel, and crouch and never crawl. He is able to perform simple, routine tasks, which can be learned in 30 days or less, and perform work that has a GED rating for math and reading of 1, which would for example, require the ability to perform simple two digit addition and subtraction.

[T. at 17].

At step four, the ALJ identified that the Plaintiff has no past relevant work. [T. at 26]. At step five, based upon the testimony of the VE, the ALJ concluded that since April 3, 2013, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy, including check weigher, final assembler, and bench hand. [T. at 26-27]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social

Security Act beginning on April 3, 2013 through September 5, 2017, the date of the ALJ's decision. [T. at 27].

## V. DISCUSSION[1]

As one of his assignments of error, the Plaintiff argues that the ALJ erred in failing to supply evidence to the Plaintiff that was added to the record after the hearing as required by 20 C.F.R. § 416.1416(f). [Doc.12-1 at 4-8]. The Commissioner concedes that the evidence added to the record should have been provided to the Plaintiff, however, that any such error was harmless. [Doc. 16 at 5-6].

The Social Security Regulations require that a claimant be notified and given an opportunity to review and comment on unfavorable post-hearing evidence:

> If, for any reason, additional evidence is obtained or developed by us after your disability hearing, and all evidence taken together can be used to support a reconsidered determination that is unfavorable to you with regard to the medical factors of eligibility, we will notify you, in writing, and give you an opportunity to review and comment on the additional evidence. You will be given 10 days from the date you receive our notice to submit your comments (in writing or, in appropriate cases, by telephone), unless there is good cause for granting you additional time, as illustrated by the examples in § 416.1411(b). Your

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

> comments will be considered before a reconsidered determination is issued. If you believe that it is necessary to have further opportunity for a hearing with respect to the additional evidence, a supplementary hearing may be scheduled at your request. Otherwise, we will ask for your written comments on the additional evidence, or, in appropriate cases, for your telephone comments.

20 C.F.R. § 416.1416(f).

Here, the unfavorable post-hearing evidence at issue includes an adult function report dated May 4, 2013 and a report of telephonic contact from the Plaintiff's mother. [T. at 470-482]. The Commissioner does not challenge Plaintiff's assertion that he was not given an opportunity to review, comment, or request a supplemental hearing on the unfavorable post-hearing evidence. [Doc. 16 at 5-6]. As such, it is undisputed that the Commissioner erred by failing to comply with 20 C.F.R. § 416.1416(f). However, the Commissioner argues that the error is harmless. [Doc. 16 at 5-6].

In his decision, the ALJ cites extensively to the 2013 adult function report to support his analysis and conclusions concerning the inconsistency of Plaintiff's evidence regarding the severity of his impairments, as well as its inconsistency with the other evidence of record. [See T. at 14-16, 21-22, 24]. Notably, the ALJ relied primarily on the 2013 adult function report, as well as the report of telephonic contact from the Plaintiff's mother, in his analysis of the Plaintiff's day-to-day activities:

9

Likewise, the claimant's day-to-day activities are inconsistent with the extent of his allegations. The claimant admitted that his leg has improved. (hearing transcript). Despite his amputation, the claimant can perform household chores such as sweeping, mopping, laundry, vacuuming, dishes, cooking, dusting, and making beds. (Exhibit 8F/2). He also enjoys hiking, playing basketball, baseball, and fishing, and is able to physically drive a car. (Exhibit 8F/1-2; 10F/3). Despite his mental impairments, the record also establishes that the claimant is independent in his day-to-day activity and engages in age-appropriate activity. (Exhibit 10F). He admitted that is able to maintain his personal care without reminders, is able to cook, and sleeps normally. (Exhibit 8F/2; **28F/2**[2]; **29E**). He went to school regularly without attendance issues. (**Exhibit 28E/4**; 10E). He is able to purchase items, use a debit card, pay bills, handle savings account and use a checkbook. **(Exhibit 28E/4; 29E)**. He watches television and plays online games daily. **(Exhibit 28E/5)**. He also testified that he researched his conditions to learn more about them. (hearing transcript). He admitted that can generally follow spoken instructions without difficulty. **(Exhibit 28E/6)**. The claimant is able to operate a vehicle, shop in stores and attend appointments independently. (Exhibit 8F/2; 10F; **28E/4**). He spends time with his family, attends school and church, and does not require accompaniment to do so. **(Exhibit 28E/5)**. He does not have problems getting along with family, friends, neighbors or authority figures,

---

[2] The Court notes that the record does not contain an 'Exhibit 28F,' the only exhibit identified by the number twenty-eight (28) is Exhibit 28E, which is the 2013 adult function report. However, citations to an 'Exhibit 28F' occur in other parts of the ALJ's decision as well. [T. at 15, 18]. The citations to 'Exhibit 28F' in the ALJ's decision appear to be either the result of typographical errors or are citations to an actual 'Exhibit 28F' that is not contained in the record. Either explanation for the discrepancy is problematic, as the former concerns the issue at hand, while the latter reflects citation to evidence not contained in the record.

>and has never lost a job due to interpersonal issues. **(Exhibit 28E/6-8)**.

[T. at 21-22 (emphasis added)]. Despite the pervasiveness of the post-hearing evidence found throughout the ALJ's decision, the Commissioner argues that the post-hearing evidence constitutes only a small portion of the entire record and it is "unlikely" that providing the post-hearing evidence to the Plaintiff would have changed the outcome. [Doc. 16 at 6].

Contrary to the Commissioner's argument, the significance of the post-hearing evidence is not derived from its proportional size to the entire evidence of record. Rather, the significance of the post-hearing evidence is determined by the ALJ's reliance and importance placed thereon of such evidence. The ALJ clearly found the post-hearing evidence significant, particularly the 2013 adult function report, as the ALJ's decision substantially relies on the post-hearing evidence in reaching the conclusions therein.

The ALJ's decision not only relies heavily on the post-hearing evidence, but also indicates the ALJ mistakenly believed that the Plaintiff completed the 2013 adult function report, when in fact, it was the Plaintiff's mother who had completed the 2013 adult function report. [See T. at 15, 18, 21, 477]. The ALJ's mistaken belief is particularly problematic as the ALJ's decision attributes the 2013 adult function report as admissions and assertions by the Plaintiff. [T. 14-16, 24]. Further, the ALJ's misapprehension

regarding the source of the 2013 adult function report formed a significant basis for his findings concerning the inconsistency between the Plaintiff's alleged symptoms and the evidence of record.

Contrary to the Commissioner's argument, the ALJ relied heavily on the 2013 adult function report. Therefore, notice to the Plaintiff was required. Moreover, the ALJ's confusion regarding the source of the 2013 adult function report illustrates the harm arising from this reliance, as the 2013 adult function report did not contain Plaintiff's admissions and concessions (as the ALJ assumed) and there is nothing in the record showing that the Plaintiff had any notice or knowledge of the contents of the 2013 adult function report (as it appears the ALJ assumed). By supporting his decision in such a manner, the ALJ relies on substantial evidence that is unfavorable to the Plaintiff but was not provided to him as required by the Social Security Regulations. As such, the Court cannot say that such error was harmless. For this reason, a remand is required.

In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed by him on remand.

## VI. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ shall afford the Plaintiff an opportunity to challenge the post-hearing evidence as required by 20 C.F.R. § 416.1416(f).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 15] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 27, 2019

Martin Reidinger
United States District Judge